[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT UNITED STATES SURGICALCORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT (#204)
Defendant United States Surgical Corp. has moved for summary judgment on the fifth count of plaintiff Gizella Biro's amended complaint, which is dated August 4, 1994. In the fifth count, the plaintiff alleges that U.S. Surgical and the co-defendants, Leon C. Hirsch and Turi Josefsen, required the plaintiff to work in excess of forty hours per week. She claims the defendants did not CT Page 5284-UUUUUUUU properly compensate her for the excess hours. U.S. Surgical seeks summary judgment on the ground there is no genuine issue as to the fact the plaintiff was not an employee of U.S. Surgical and that it is therefore not liable to the plaintiff.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202.
U.S. Surgical claims it is entitled to judgment because the evidence shows there is no genuine issue as to the fact the plaintiff was employed by defendants Hirsch and Josefsen and not U.S. Surgical. The plaintiff, on the other hand, maintains there is a genuine issue of material fact as to whether she was employed by U.S. Surgical as well as Hirsch and Josefsen.
"The terms employer, employee and wages are defined in §31-71a. An employer includes any individual . . . [or] corporation . . . employing any person . . . . General Statutes § 31-71a(1). An employee includes any person suffered or permitted to work by an employer. General Statutes § 31-71a(2). (Internal quotations marks omitted.) Tianti v. WilliamRaveis Real Estate, Inc., 231 Conn. 690, 696, 651 A.2d 1286
(1995). CT Page 5284-VVVVVVVV
U.S. Surgical relies on deposition testimony of the plaintiff, plaintiff's responses to requests to admit, the plaintiff's W-2 forms, affidavits of Hirsch and Josefsen, an affidavit of an independent accountant, and the plaintiff's statement submitted in support of her claim for unemployment compensation. At her deposition, the plaintiff testified that she did not receive an ID badge from U.S. Surgical, never entered into a written employment contract with U.S. Surgical, and never received W-2 or 1099 forms from U.S. Surgical.
To show there is a genuine issue of material fact, the plaintiff has produced evidence showing that she was covered under U.S. Surgical's group medical plan. This coverage can not, the plaintiff argues, be explained on the basis her husband had at one time been a U.S. Surgical employee since she was covered beyond the period she would have been eligible as a spouse of a former employee. The plaintiff states that she dropped off her time sheets at U.S. Surgical and picked up her pay checks there. She has submitted U.S. Surgical check request forms which were used to prepare her pay checks. Between 1989 and 1991, the check request forms were labeled "United States Surgical Corporate Travel/Check Request" and, from 1991 to 1994, the forms were labeled "Executive Financial Affairs Check Request." The plaintiff has presented evidence U.S. Surgical assisted her in the purchase of automobiles and the payment of her legal fees incurred in connection with a marriage-dissolution action.
U.S. Surgical contends that the evidence presented by the plaintiff does not refute its claim as to the lack of an employment relationship because the company was reimbursed by Hirsch and Josefsen for the payments it made to the plaintiff. While reimbursement may have been made, the plaintiff has nevertheless presented sufficient evidence to show there is a genuine issue of material fact on the employment issue. Having concluded there an issue as to a material fact, this court must deny the motion for summary judgment.
The motion for summary judgment is denied.
THIM, JUDGE CT Page 5284-WWWWWWWW